IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Carl Thom, Jr., | Case No. 3:07 CV 294 |
| Plaintiff, | O R D E R |
| -vs- | JUDGE JACK ZOUHARY |
| American Standard, Inc., | |
| Defendant. | |

This matter is before the Court on Plaintiff Carl Thom Jr.'s Motion for Bond (Doc. No. 104) pursuant to Federal Appellate Rule 7, and Defendant American Standard, Inc.'s Response (Doc. No. 106). Plaintiff's sole argument for requesting the bond is that it "is necessary to ensure payment of costs on appeal" (Doc. No. 104, p. 1).

Federal Appellate Rule 7 states: "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." This standard is permissive, allowing a court to use its discretion as to whether the issuance of an appeal bond is necessary. *Adsani v. Miller*, 139 F.3d 67, 71 (2d Cir. 1998); *see also In re Cardizem CD Antitrust Litigation*, 391 F.3d 812, 817 (6th Cir. 2004) (applying *Adsani* standard to Sixth Circuit evaluations of Rule 7 bonds).

In deciding whether to issue a bond, courts may consider a number of factors, including "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad

faith or vexatious conduct." *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, No. 04-CV-74891-DT, 2008 U.S. Dist. LEXIS 45726, at *4 (E.D. Mich. June 12, 2008) (citation omitted). A Rule 7 bond serves the purpose of protecting "the amount the appellee stands to have reimbursed," rather than impose an independent penalty on the appellant. *Adsani*, 139 F.3d at 75.

In the instant matter, Plaintiff has not articulated the reasons *why* a bond "is necessary to ensure payment of costs on appeal." Defendant's financial ability to post a bond is not at issue. Defendant has demonstrated neither a risk that it would fail to pay costs if it loses its appeal nor bad faith or vexations conduct. Finally, Defendant raises viable issues on appeal.

The Court also notes that there is no transcript necessary for this appeal and therefore the costs generated by this appeal should be minimal. To the extent Plaintiff seeks a bond to cover the costs of his cross-appeal in this matter, those fees are properly borne by Plaintiff himself.

For the foregoing reasons, Plaintiff's Motion is denied.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

July 23, 2009